**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRINYAH GODIAH P. PAYNE EL-BEY,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON, LLC, et al.,<br><br>Defendants. | Civil Action No. 20-14701(SDW)(LDW)<br><br>**OPINION**<br><br>June 12, 2023 |

**THIS MATTER** having come before this Court upon Plaintiff Prinyah Godiah P. Payne El-Bey's[1] ("Plaintiff") Motion for Reconsideration (D.E. 4); and

**WHEREAS** on November 10, 2020, this Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed her Complaint for failure to state a claim upon which relief could be granted, and granted Plaintiff thirty (30) days within which to file an amended complaint ("November 10th Order"), (D.E. 2); and

**WHEREAS** Plaintiff did not file an amended pleading and this matter was terminated. (*See* D.E. 2.) On April 15, 2021, Plaintiff filed a letter requesting that this matter be reopened, indicating that she had not received notice of the November 10th Order until February 5, 2021. (D.E. 4.) This Court subsequently considered Plaintiff's letter a Motion for Reconsideration and thereafter denied Plaintiff's Motion ("April 20th Order"); and

---

[1] Plaintiff also refers to herself as "Queen'Prinyah Godiah Nefertiti's Ma'at Imin Amon Amun (MIAA) Payne's El-Bey." (*See* D.E. 4.)

**WHEREAS** Plaintiff appealed the judgment on the Motion for Reconsideration. (*See* D.E. 6.) The Third Circuit vacated this Court's judgment on the Motion for Reconsideration and remanded for this Court to consider and apply the *Pioneer* factors. *See Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)); and

**WHEREAS** Rule 60(b)(1) provides that, on a motion to reconsider, this Court is authorized to relieve a party from final judgment for reasons including: "(1) mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b). "In determining whether a party who has missed a deadline is entitled to relief from dismissal because of 'excusable neglect,' a court must look at the totality of the circumstances." *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007) (citing *George Harms Constr. Co., Inc. v. Chao,* 371 F.3d 156, 163 (3d Cir. 2004)). "When evaluating whether a party's neglect in prosecuting its case was 'excusable,' courts should consider 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (citing *Pioneer Inv. Servs.,* 507 U.S. at 395); and

**WHEREAS**, after this Court issued and mailed to Plaintiff notice of the November 10th Order, Plaintiff did not retrieve her mail until February 5, 2021. (D.E. 4.) She then submitted a letter to this Court more than two months later on April 15, 2021, which was more than four months past the 30-day deadline for amendment that this Court had stipulated in its November 10th Order. (*Id.*) Plaintiff asserts in the letter that she was delayed in receiving her mail and did not receive the dismissal this Court sent on November 10, 2020 until February 5, 2021; that prior to receiving the dismissal letter, she had "called the [C]ourt several times" regarding her case, but because she

"did not have a case number they could not find [her case] in the system[]," and was "told to wait until [she] got something in the mail[]"; and that she was aware that her handwriting could not be read by this Court, but that she would like the case reopened. (*Id.*)

**WHEREAS** Plaintiff failed to submit an amended complaint within the 30-day window provided by this Court on November 10, 2020.  Plaintiff moreover failed to submit an amended complaint within a 30-day window of receiving notice of the dismissal on February 5, 2021.  Plaintiff additionally failed to submit an amended complaint with the letter she submitted requesting an opportunity to submit an amended complaint; and

**WHEREAS** this Court construes Plaintiff's *pro se* filings liberally and considers the multiple filing deficiencies pertaining to the Motion to Reconsider liberally, as well.  S*ee Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  This Court also considers Plaintiff's Motion for Reconsideration in light of the *Pioneer* factors; and

**WHEREAS**, considering the first *Pioneer* factor, this Court finds that the danger of prejudice to Defendants is significant.  Plaintiff offered no reasonable or logical explanation for the nearly three-month delay in retrieving her mail and discovering the dismissal and opportunity to amend notice, and Plaintiff offered no reasonable explanation for waiting more than two months after retrieving her mail to file a request for reconsideration.  Defendants have had virtually no timely notice of Plaintiff's allegations,[2] thus Defendants' ability to mount a defense has likely been negatively impacted by the delay.  Furthermore, Plaintiff failed to include a proposed amended complaint in April 20201, when she submitted a letter requesting that this Court reopen the matter.

---

[2] In fact, there is no evidence on the docket that Defendant had been served the Complaint at any point after filing.

These delays and failures to follow Court procedures prejudice Defendants because the requests were considerably delayed and continuously made improperly; and

**WHEREAS**, per the second *Pioneer* factor, the length of the delay impacted judicial proceedings because this Court afforded Plaintiff an opportunity to amend, but Plaintiff still did not act reasonably and amend in a timely manner once she discovered the issue in February 2021. Instead, despite having received notice of the dismissal, Plaintiff waited two months to file a letter requesting reconsideration and did not include a proposed amended complaint when doing so. This untimely action is compounded by the fact that Plaintiff registered for electronic filing on February 10, 2021—five days after retrieving the notice of dismissal—and could have submitted a letter immediately thereafter. (D.E. 3.) A reasonable response would have been to contact the Court immediately after retrieving her mail on February 5, 2021 to request reconsideration and inquire as to proper procedural steps, if need be. Plaintiff has not provided this Court with adequate reasons for the continual delays and failure to file the proper documents; and

**WHEREAS**, regarding the third *Pioneer* factor, this Court finds that Plaintiff's submissions were within her reasonable control considering this Court mailed the notice of dismissal in a timely manner, but Plaintiff did not retrieve her mail for nearly three months thereafter. More importantly, Plaintiff did not contact the Court in a timely manner between February 5, 2021 and April 15, 2021 to request an extension because she had not retrieved her mail in a timely manner; and

**WHEREAS**, pertaining to the fourth *Pioneer* factor, in Plaintiff's letter requesting reconsideration, she offered no reason for the delay in submitting her request for reconsideration,

which does not suggest good faith action, but rather indicates unnecessary delay.  In sum, Plaintiff did not provide a reasonable excuse for the delay; therefore,

Plaintiff's Motion for Reconsideration is **DENIED** and this matter is closed.  An appropriate order follows.

                                                                                                                 /s/ Susan D. Wigenton  
                                                                           **United States District Judge**

Orig:   Clerk  
cc:     Parties  
         Leda D. Wettre, U.S.M.J.